

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| OWAIIAN M. JONES,<br>    Plaintiff, | Civil Action No. 7:16-cv-00074 |
| v. | MEMORANDUM OPINION |
| WESTERN STATE HOSPITAL, et al.,<br>    Defendants. | By:  Hon. Michael F. Urbanski<br>      United States District Judge |

Owaiian M. Jones, proceeding pro se, filed a complaint that the court construes as arising under 42 U.S.C. § 1983. Plaintiff names the Western State Hospital and correctional officers "John Does" as defendants. Plaintiff generally alleges that unspecified actors violate various constitutional rights "by forced medication."

The court must dismiss the complaint for failing to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff names Western State Hospital as a defendant (along with John Does), and in paragraph one of the complaint alleges constitutional claims relating to forced medication at the hospital. Nowhere, however, is it alleged that Plaintiff stayed at the hospital or received forced medication there. Rather, in paragraph two of the complaint, Plaintiff alleges that he is a prisoner of the Rappahannock Regional Jail. As a result, the complaint fails to present "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ."[1] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

quotation marks omitted). Further, Plaintiff does not explain how a "person" subject to § 1983 violated one of Plaintiff's federal rights, and Plaintiff cannot rely on mere labels and conclusions to state a claim because such statements are not entitled to an assumption of truth. Id. Accordingly, Plaintiff presently fails to satisfy his burden pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure to write a short and plain statement explaining how he is entitled to relief. Although Plaintiff is granted leave to proceed in forma pauperis, the complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted.

**ENTER**: This 25th day of February, 2016.

/s/ Michael F. Urbanski
United States District Judge

2